In the Matter of Proving the Alleged Last Will and Testament of CHARLES A. TYRRELL, Deceased.

ELIZA TYRRELL, Appellant; W. BERNARD VAUSE and WALTER W. GRIFFITH, as Executors, etc., of CHARLES A. TYRRELL, Deceased, and MAY CLEARY, Respondents.

First Department, November 22, 1918.

Will — probate — depositions — when contestant not entitled to commission to take testimony in Australia — evidence sought immaterial — stay pending appeal — affidavit containing slanderous and libelous charges against testator canceled as scandalous.

Where a testator stated in his will that he was married in Australia and that after the disappearance of his wife and his inability to locate her he married again, and upon subsequently discovering that his first wife was alive, made provision to support her during his life, and the first wife contested the probate of the will, alleging on information and belief that it was not duly executed or published, that the testator was not of sound mind and memory, and that its execution was procured by fraud and undue influence practiced upon him by a legatee named, or others acting with her, the contestant is not entitled to a commission to take testimony in Australia with respect to the recitals by the testator in his will concerning the disappearance of the contestant, and the search and inquiry made for her by the testator, where it appears that the only *facts* which she claims the witnesses will be able to testify to are concerning her whereabouts from the time of her disappearance; that none of said witnesses have any knowledge with respect to the execution of the will or acquaintance with the legatee charged with having influenced the testator; that the attorney for the proponents, who are executors, presented an affidavit containing an offer in their behalf to stipulate the facts which the contestant seeks to prove by the commission; that the attorney for said legatee in his affidavit offered to stipulate in her behalf that the witnesses would testify to such facts, reserving objections to the relevancy and immateriality of the evidence; and that an affidavit was read by said legatee in opposition to the motion denying the charges made against her in the objections filed to the probate, showing that she knew nothing about the will.

The said legatee should have the benefit of the stipulations so filed in opposition to the motion by the contestant for a stay pending the appeal.

An affidavit by the attorney for the contestant making serious reflections on the relations which existed between the testator and the said legatee which does not show that he had any personal knowledge with respect ·

thereto, and does not give the source of his information, should be canceled from the record as scandalous. Such charges were not germane to the motion.

Appeal by Eliza Tyrrell, contestant, from an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 11th day of October, 1918, denying her motion for a commission to take testimony in Australia.

*Albert Ritchie* of counsel [*Young, Seacord & Ritchie,* attorneys], for the appellant.

*Leon Lauterstein* of counsel [*Wise & Seligsberg* with him on the brief], for the residuary legatee, respondent.

*George A. Knobloch,* for the proponents, respondents.

Laughlin, J.:

The will, to the probate of which the contestant filed objections, purports to have been executed in the city of New York on the 2d day of August, 1915. In paragraph 2d thereof the testator stated that he was married to Eliza or Lillie Tyrrell, formerly Eliza Glaister, in Australia about thirty-three years ago; that after living with her for several years she disappeared and that although he thereafter made due and diligent search and inquiry for her he could not locate her or ascertain whether she was alive, and that years afterwards he was advised by his lawyer that he could legally marry and that, therefore, about twenty-seven years ago he duly married Emma W. Tyrrell, who is his lawfully wedded wife, and that during the past year he received information for the first time that Eliza Tyrrell was alive and that he has made provision to support her during his life and that in the circumstances he believed that his obligations to her had been fulfilled, but that as a remembrance, if she be alive at his death, he bequeathed to her the sum of $100. By paragraph 4th he bequeathed certain corporate stock and all his jewelry to his son, Ernest Alfred Tyrrell, and provided that in the event of the death of his son that bequest should be added to the residuary estate. By paragraph 6th he bequeathed all of his holdings of certificates of mining,

industrial or land company stocks and his personal effects, including pictures, books and curios, and all moneys on deposit with banks or trust companies in his name or to his credit to a designated legatee whom he described as his dear little friend whose attention to him in his recent illness and companionship had brightened his life.

The contestant filed an answer to the petition for the probate of the will, describing herself as the widow of the testator and alleging on information and belief that it was not duly executed or published; that the testator was not of sound mind and memory or mentally capable of making a will, and that the alleged will was not freely or voluntarily made or executed, but that its execution was procured by fraud and undue influence practiced upon him by the legatee named in the 6th paragraph, or another or others acting in concert or privity with her, and she demanded a trial of the issues by jury. No order was presented in behalf of the contestant, as provided in the New York County Surrogates' Rules (Rule 7), framing the issues to be submitted to the jury. On motion of the attorney for one of the legatees an order was duly made on the 23d of September, 1918, framing the issues to be submitted to the jury and directing the trial, and the issues have been duly noticed for trial by her and by the proponents for the 7th of October, 1918. Under date of September 19, 1918, the contestant gave notice of motion of application for a commission and for a stay of proceedings pending the return thereof, returnable on the twenty-seventh of September, and the order denying the motion was made on the tenth of October.

The evidence sought to be procured by the commission is with respect to the recitals in the 2d paragraph of the will concerning the disappearance of the contestant and the search and inquiry made for her by the testator and his inability to locate her or to ascertain if she were alive. The affidavit of the contestant shows that it will be necessary for her to prove that she is the lawful wife of the decedent and that at no time did she disappear and that she was at all times at Sydney, New South Wales, Australia, where the decedent left her in 1884, or in the immediate vicinity thereof, and that a faithful and *bona fide* inquiry at Sydney would have

disclosed her whereabouts at any time between 1884 and the date of the death of the testator, and that he was deceived or mistaken as to her disappearance and whereabouts and made the alleged will acting upon such mistake or deception. The only *facts* she claims that the witnesses will be able to testify to are concerning her whereabouts between 1884 and 1918, and she says that some of the witnesses know where she was during the whole period and others during part of it, and have seen and visited her at and in the vicinity of Sydney and know that she resided there. Affidavits read in opposition to the motion tend to show that it was made for the purpose of delaying the trial of the issues and not in good faith; that in 1914 the testator's son, Ernest Alfred Tyrrell, mentioned in the 4th paragraph of the will, came to New York, claiming to have a power of attorney from his mother, and interviewed his father; that as a result of negotiations between the father and son an agreement in writing was made between the son in his own behalf and in behalf of his mother and the father under date of January 12, 1915, by which the father agreed to pay the son $5,000 to purchase a farm in Australia, $3,000 of which was paid on the execution of the agreement and the balance was to be paid in two installments, and the father agreed to pay the contestant $100 a month commencing March 1, 1915, during his and her lives, and it was expressly agreed that none of the parties thereto should " annoy, interfere with or make any other claims against the other for support, or otherwise." The affidavits further tend to show that the agreement was in the handwriting of the testator and was performed by him; that none of the witnesses sought to be examined ever resided here or have any knowledge with respect to the execution of the will or the circumstances attending the execution thereof or acquaintance with the legatee who is charged with having influenced its execution or knowledge with respect to her relations with the testator. The affidavit of the attorney for the proponents, who are the executors named in the will, contains an offer in their behalf to stipulate the facts which the contestants sought to prove by the commission, and the attorney for said legatee, in his affidavit, offered to stipulate in her behalf that the witnesses would testify to such facts, reserving objections to the relevancy

and materiality of the evidence. The order contains no reference to the offers to stipulate the facts, but it is stated in the points of the respondents that counsel for the contestant declined to accept the stipulation. The contestant on appealing to this court applied for a stay of proceedings here pending the appeal. With the affidavits in opposition thereto stipulations to concede the facts sought to be proved were filed, and on those stipulations the motion was denied.

The memorandum opinion of the learned surrogate stated that the motion was denied on the ground that the evidence sought is immaterial, and in that view we concur; but on the argument it was stated by counsel for the respondents that all of the parties who appeared in the proceeding will stipulate the facts sought to be proved as herein stated, subject to the right to object thereto as immaterial and irrelevant. The appellant should have the benefit of the stipulations so filed in opposition to the motion for a stay.

In opposition to the motion an affidavit was read made by the legatee who is attacked, denying the charges made against her in the objections filed to the probate.of the will and showing, among other things, that she knew nothing about the will and had no interview with the testator concerning it and was not present at its execution and in no manner influenced its execution, and that she had been employed at the Tyrrell Hygienic Institute, conducted by the testator, with numerous other employees for about fifteen years preceding the death of the testator, and that she saw him almost daily, and tending to show that he was competent. An affidavit made by the attorney for the appellant, who argued the appeal, was read in reply to the affidavits presented in opposition to the motion and in it he makes serious reflections on the relations which existed between the testator and said legatee, which she had no opportunity to answer, but does not show that he had any personal knowledge with respect thereto and does not give the source of his information other than by stating that the information has been disclosed by his investigations. Our attention was drawn to this affidavit on the argument in the presence of the affiant and we were requested to strike it from the record. Such charges were not germane to the motion. The courts must protect

those who cannot protect themselves against slanderous and libelous charges gratuitously made in judicial proceedings. The affidavit should not have been made or received and it is ordered canceled from the record as scandalous.

It follows that the order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, SMITH and SHEARN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements, and the replying affidavit of contestant's attorney verified the 30th of September, 1918, stricken from the record as scandalous.